**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel Enriquez GOMEZ–MORENO,**
**Defendant–Appellant.**

**No. 05–40200.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 9, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Manuel Enriquez Gomez–Moreno appeals from his guilty-plea conviction for illegal reentry of a deported alien. For the first time on appeal, Gomez–Moreno argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. Gomez–Moreno acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

